*Western Dist.*
*October,* 1839.

M'GUIRE
*vs.*
PECK.

---

M'GUIRE *vs.* PECK.

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE THEREOF PRESIDING.

A dilatory exception, taken *in limine litis,* may be pleaded in the beginning of the answer to the merits.

This is an action on a promissory note, against the maker thereof.

The defendant pleaded the want of an amicable demand, and averred that the suit was oppressive and illegal, as the plaintiff agreed not to sue, in consideration of the defendant

WESTERN DIST.  having put into his hands certain promissory notes amount-
October, 1839.  ing to more than the demand sued on, which he promised to
take in payment, and collect and pay over the surplus.   He
further avers, that the plaintiff is not the legal owner of the
note sued on, and is not in any manner authorized to receive
payment; that he has a valid defence against the original
payee thereof, for payments made, &c.

In an amended answer, he propounded sundry interroga-
tories to the plaintiff, to answer under oath in open court,
which were answered promptly and categorically.

At the second term of the court, the plaintiff's counsel
moved to strike out the exceptions contained in the defend-
ant's answer, as coming too late, after issue joined; to wit,
the want of amicable demand, and the prematurity of the
suit; which motion was sustained by the court, on the
ground that, being a dilatory exception, it could not be
pleaded in an answer to the merits, or after a judgment by
default.   The defendant took his bill of exceptions.

There was judgment for the plaintiff, and the defendant
appealed.

*M'Guire, in propriâ personâ.*

*Copley,* contra.

*Martin, J.,* delivered the opinion of the court.

The defendant and appellant has placed his case before
us, on a bill of exceptions to the opinion of the court, in
ordering the part of his answer which relates to the amica-
ble demand and the pre-maturity of the suit to be stricken
out, on the ground that the exception was a dilatory one,
and could not be pleaded in an answer to the merits, or after
a judgment by default.

A dilatory ex-          The record does not show that any judgment by default
ception, taken *in*    had been taken, and it appears that the exception was taken
*limine litis,* may
be pleaded in          *in limine litis,* being placed in the beginning of his answer.
the beginning of
the answer to          * The court, in our opinion, erred in ordering this part of
the merits.            the answer to be stricken out.

M'GUIRE
vs.
PECK.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and that the parts of the answer stricken out be reinstated, and the case remanded for further proceedings, according to law; the plaintiff and appellee paying the costs of the appeal.